DAVIS, Judge.
Appellant, Advance Barricades & Signing, Inc., is a disadvantaged business enterprise (DBE) certified by the Florida Department of Transportation pursuant to Fla.Admin.Code Rule 14-78. DOT entered into a construction contract with The Hardaway Company in which Hardaway had identified Advance Barricades as one of the DBE’s to be utilized on the project. Advance Barricades and Hardaway then entered into a subcontract and Advance Barricades commenced work on the subcontract. Thereaf *705 ter, Hardaway terminated Advance Barricades as a subcontractor on the project.
Hardaway then sought and obtained approval from DOT to substitute a different subcontractor, pursuant to Rule 14-78.-003(2)(b)5. Advance Barricades unsuccessfully sought to have the DOT rescind its approval of the substitution, on the grounds that the Rule requires the prime contractor to substitute only when the first DBE subcontractor has failed to perform, and alleged that Hardaway made false and misleading statements to DOT regarding Advance Barricades’ performance of the subcontract in support of the request for a substitution. Rule 14~78.003(2)(b)5. provides: “Contractors shall make good faith efforts to replace a DBE subcontractor that is unable to perform successfully with another certified DBE. Any such substitution of subcontractors shall be approved by the Department.” Advance Barricades alleges that it tried informal avenues first, and then resorted to the formal petition for hearing pursuant to section 120.-57, Florida Statutes.
The order by DOT denying that petition for hearing is the order on appeal. DOT denied the petition on the grounds that section 337.11(1), Florida Statutes, provides that contracts between DOT and contractors create no third party beneficiary rights in those who are not parties to the contract, that the Department has no obligation under the statutes or rules to ensure that contractors do not breach their contracts with their subcontractors, that this is essentially a contract action between Advance Barricades and Hardaway, and that Advance Barricades lacks standing to obtain an administrative hearing on this claim. The order states in part that:
“[njothing in the Transportation Code (Chapter 334, et seq.), creates a duty or responsibility on the part of the DEPARTMENT to assure that a prime contractor with which the DEPARTMENT shares a privity relationship will not terminate or purportedly breach its contract with a DBE subcontractor. Nothing in the Code anticipates the DEPARTMENT will do more than administer a program by which DBE firms can be certified in accordance with the federally mandated DBE program. As further evidence that the Legislature did not intend termination of a prime contractor/subcontractor relationship to be remedied by the DEPARTMENT is the provision in section 337.11(1), Florida Statutes, cited above. Because neither Chapter 120 nor the Transportation Code were intended to remedy the injury from which ADVANCE BARRICADES seeks relief, Petitioner has failed to meet the standing test set out in Agrico Chemical.'’
The question in this case is simply whether Rule 14 — 78.003(2)(b)5. confers on DOT any authority, or imposes on DOT any obligation, to withhold approval of a substitution if the prime contractor has no “valid” grounds for the removal. We agree with the position of DOT that this approval is merely a ministerial act so long as the new subcontractor is on the list of certified DBE’s, and that all the prime contractor must prove to DOT if the new subcontractor is not a DBE is a good faith effort to subcontract with another DBE. The language in the rule regarding removal of DBE subcontractors for failure to perform has no force and effect with regard to the duties and obligations of DOT.
This case is distinguishable from the recent decision of Fairbanks, Inc. v. State of Florida, Dep’t of Transportation, No. 92-2356, 1994 WL 7465 (Fla. 1st DCA Jan. 14, 1994) (on rehearing). In Fairbanks this Court reversed for a hearing officer to determine a question of fact: did the actions of the DOT in the creation of the contract specifications subvert the bidding process by creating a situation where there was only one subcontractor who could satisfy the terms of the contract. In the instant case, Advance Barricades disputes the agency’s interpretation of Rule 14-78.003(2)(b)5., a question of law. Advance Barricades does not seek to prove that the DOT acted “fraudulently, arbitrarily, illegally, or dishonestly,” rather, Advance Barricades wants a hearing to'prove to the DOT that Hardaway acted “fraudulently, arbitrarily, illegally, or dishonestly” in its request to DOT for approval of substitution of DBE subcontractors. Advance Barricades *706 does not have standing to request such a hearing, because there is no statute or rule under which DOT is empowered or obligated to protect DBE subcontractors from wrongful termination by prime contractors. See Agrico Chemical Company v. Department of Environmental Regulation, 406 So.2d 478 (Fla. 2d DCA 1981).
Accordingly, the order denying Advance Barricades’ petition for a formal heating is AFFIRMED.
SMITH and ALLEN, JJ., concur.